Laura ROBERTS, Plaintiff–Appellant,

v.

The HEALTH ASSOCIATION,
Defendant–Appellee.

No. 07–3553–cv.

United States Court of Appeals,
Second Circuit.

Feb. 3, 2009.

Christina A. Agola, Esq., Rochester, NY, for Plaintiff–Appellant.

Daniel J. Moore, Esq., Harris Beach PLLC, Pittsford, NY, for Defendant–Appellee.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Laura Roberts appeals the decision of the United States District Court for the Western District of New York (Telesca, *J.*) granting Defendant–Appellee The Health Association's ("HA") motion for summary judgment on all of her claims. On appeal, Roberts argues that the District Court erred in granting summary judgment for HA on her claims that HA, her former employer, (1) denied her substantive rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, (2) retaliated against her for asserting her FMLA rights, and (3) discriminated against her in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* We assume the parties' familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.

We review the District Court's grant of summary judgment *de novo*. *See Howley v. Town of Stratford*, 217 F.3d 141, 151 (2d Cir.2000). Summary judgment is warranted when, after construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor, there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *June v. Town of Westfield*, 370 F.3d 255, 257 (2d Cir.2004). Where the moving party has established the absence of a genuine issue of material fact, the "nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a 'metaphysical doubt' concerning the facts or on the basis of conjecture or surmise." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.1991) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

### I. FMLA Entitlement Claim

The FMLA provides that an eligible employee suffering from a serious health condition is entitled to twelve workweeks of leave during any twelve-month period. 29 U.S.C. § 2612(a)(1), (c). An employee who takes FMLA leave "shall be entitled, on return from such leave ... (A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or (B) to be restored to an equivalent position. . . ." *Id.* § 2614(a)(1). If, however, an employee after twelve weeks of leave is unable to return to work, the employee no longer has the protections of the FMLA and must look to other sources for any relief or protections. *Sarno v. Douglas Elliman–Gibbons & Ives, Inc.*, 183 F.3d 155, 161 (2d Cir.1999) (citing 29 C.F.R. § 825.216(d)). To bring a successful action under the FMLA, an employee must show (1) that the employer interfered with, restrained, or denied the rights protected by the FMLA, and (2) that the employee has been prejudiced by the violation. *See Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89, 122 S.Ct. 1155, 152 L.Ed.2d 167 (2002). "The employer is liable only for compensation and benefits lost by reason of the violation, for other monetary losses sustained as a direct result of the violation, and for appropriate equitable relief, including employment, reinstatement, and promotion." *Id.* (internal quotation marks and citations omitted).

 When Roberts was terminated on June 8, 2004 (effective May 25, 2004), she had been out of work for only approximately ten weeks. HA, therefore, likely violated the FMLA. At the time Roberts was discharged, however, her doctor had concluded that she was medically unable to

work until at least July 19, 2004, which was after the end of her statutorily entitled twelve-week period. As a result, she was not prejudiced by the early termination. *See, e.g., Sarno,* 183 F.3d at 161 (noting that "[t]he fact that [the employee] was not restored to his position at the end of that 12–week period did not infringe his FMLA rights because it is also undisputed that at the end of that period he remained unable to perform the essential functions of his ... position"). Moreover, it is undisputed that HA paid Roberts for twelve weeks' worth of benefits, which is all she would have been entitled to had HA respected her right to FMLA leave. Although Roberts can likely show that HA interfered with her FMLA rights, because there is no evidence that the violation was prejudicial, the District Court did not err in dismissing her claim.

## II. FMLA Retaliation Claim

■ We analyze retaliation claims brought pursuant to the FMLA under the burden-shifting test set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Potenza v. City of New York,* 365 F.3d 165, 167–68 (2d Cir.2004) (per curiam). In order to establish a prima facie case of retaliation, Roberts must establish that (1) she exercised her rights protected under the FMLA, (2) she was qualified for her position, (3) she suffered an adverse employment action, and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent. *Id.* at 168. Roberts has not demonstrated that the circumstances surrounding her discharge create an inference of retaliation. Roberts contends that she was fired six days after a phone conversation in which she told the HA benefits coordinator that she wanted FMLA leave. Prior to this phone conversation, however, HA had already informed Roberts that her job was in jeopardy if she did not provide

more medical evidence of her disability to HA's insurance carrier. Assuming that Roberts can make out a prima facie case of retaliation, she has not demonstrated a genuine issue of material fact as to whether HA's proffered legitimate reason for her termination was pretextual. Accordingly, the District Court properly dismissed Roberts's retaliation claim.

## III. ADA Claim

Lastly, Roberts contends that HA discriminated against her in violation of the ADA because HA "regarded" her as being disabled. The ADA prohibits employers from discriminating against employees "because of the disability of such individual." 42 U.S.C. § 12112(a). A disability, under the statute, includes a "physical or mental impairment that substantially limits one or more of the major life activities" of an individual. *Id.* § 12102(2)(A). The statute defines a qualified individual with a disability as including a person who, as Roberts alleges, is "regarded as having such an impairment." *Id.* § 12102(2)(C). Our Court has explained "whether an individual is 'regarded as' having a disability turns on the employer's perception of the employee and is therefore a question of intent, not whether the employee has a disability." *Colwell v. Suffolk County Police Dep't,* 158 F.3d 635, 646 (2d Cir.1998) (internal quotation marks omitted).

■ To meet this standard, however, it is not enough "that the employer regarded that individual as somehow disabled; rather, the plaintiff must show that the employer regarded the individual as disabled within the meaning of the ADA." *Id.* (emphasis omitted). Consequently, in order to prevail, Roberts must adduce evidence that HA regarded her as having an impairment that "substantially limited" a major life activity. *See id.* Where, as here, the major life activity under consideration is

that of working, "the statutory phrase 'substantially limits' requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs." *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 491, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). Accordingly, Roberts must establish that the employer believed that she suffered from a condition that prevented her from working in a broad class of jobs, not just the job that she previously had. We find that Roberts has not sufficiently provided this evidence. Roberts's allegation that HA limited her hours and took away her supervisory role does not suggest that HA believed Roberts could not work in "a broad class of jobs." We therefore conclude that the District Court did not err in dismissing Roberts's ADA claim.

We have considered all of Roberts's arguments and find to be them without merit. Accordingly, the judgment of the District Court is AFFIRMED.